**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN CARR,

          Plaintiff - Appellant,

  v.

STATE OF OREGON; CITY OF
PORTLAND; LINDA MENG, in her
official capacity as City Attorney of the
City of Portland; HARDY MYERS, in his
official capacity as Attorney General of the
State of Oregon,

          Defendants - Appellees.

No. 08-35902

D.C. No. 3:08-cv-00398-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted August 11, 2011 [**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brian P. Carr appeals pro se from the district court's decision dismissing his action as barred by the statute of limitations and for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), we affirm.

Carr's complaint in the district court seeks to overturn the state court's refusal to seal his arrest record. His suit is barred by the *Rooker-Feldman* doctrine. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Id.* at 1164; *Worldwide Church of God v. McNair*, 805 F.3d 888, 891 (9th Cir. 1986).

Carr also challenges the district court's refusal to allow him leave to file an amended complaint. Reviewing for abuse of discretion, *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997), we affirm. Carr's proposed amended complaint sought to introduce a "separate, distinct and new cause of action," *id.* (internal quotations and citations omitted), and the district court therefore did not abuse its discretion in denying leave to amend.

Carr's remaining contentions are unpersuasive.

**AFFIRMED.**